H. BAUER, Respondent, v. SCHOOL DISTRICT No. 127, etc., Appellant.

Kansas City Court of Appeals, February 6, 1899.

1. **Appellate Practice:** POINTS IN BRIEF. The appellant must distinctly set forth in numerical order the points with authorities in support thereof relied upon for reversal, and the appellate court is only required to pass upon points so set forth.

2. **Schools:** VACANCY IN DIRECTORY: RENEWAL BONDS. The failure of the directors of a school district to fill a vacancy as they are required to do by the statute does not invalidate any official action taken by the board and renewal bonds issued during such vacancy are not thereby vitiated.

3. ————: AUTHORITY OF BOARD TO ISSUE BONDS: VOTE: AMOUNT. The fact that the bonds are issued for a less amount than the vote authorized will not invalidate them, nor the further fact that the record fails to show the vote was taken by ballot.

4. ————: VALIDITY OF BONDS: INTEREST TAX: INCREASED AMOUNT. The fact that an annual interest tax has been levied in excess of the amount required can not affect the validity of bonds, nor can the fact that renewal bonds are issued for an increased amount to cover the defaulted interest.

5. ———: ———: FAILURE TO PROVIDE SINKING FUND. The failure to provide a sinking fund for the payment of bonds can not make them void.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

A. J. KING and M. T. JANUARY for appellant.

(1) A board of school directors can not transact any official business, if there is a vacancy in the board, until the vacancy is filled. R. S. 1889, sec. 7991. (2) Renewal funding bonds authorized to be issued by boards of education are not valid unless the original issue was valid and binding on the district. Board of Public Schools v. Gaylord, 86 Mo. 401. (3) Renewal funding bonds authorized to be issued by school boards without a vote of the people can not be for an amount larger than the principal of the bonds to be taken up. R. S. 1889, sec. 7983. (4) A total want of power, as distinguished from an irregular execution thereof, invalidates the bond in the hands of even an innocent purchaser. 1 Beach, Public Corporations, p. 629, sec. 614. (5) Bonds can not be legally issued by a municipal corporation unless provision is made for a tax to pay principal and interest. Constitution of Mo., sec. 12, art. 10; R. S. 1889, sec. 7982.

WIGHT & WIGHT for respondent, filed a lengthy argument.

ELLISON, J.—This action is based on interest coupons on a school district bond for $600 issued by the school board of directors in renewal of one theretofore issued for the sum of $450; the difference in amount representing accrued interest. The judgment below was for plaintiff.

Defendant has undertaken by argument to deny the validity of the bond on the ground that the school district was partly in Barton and partly in Vernon county, and that while the county clerk of Vernon did attest the bond, the clerk of the county court of the former county did not. The original and the renewal bond each recite the school district to be "of Vernon and Barton county." It is contended in an argument made here that section 7983, Revised Statutes 1889, requires the clerk of the county court of each county to attest the bond. It does not appear that the attention of the court below was called to this point at the trial. There was a general peremptory instruction asked by defendant and refused by the court, but if it was intended to cover this point, it was omitted or abandoned here, since there is no mention of it, or reference to it, in the specific "points and authorities" set out by defendant. Neither is the point briefed, the section of the statute not even being cited. It is merely stated in argument. Under our rules an appellant must distinctly set forth in numerical order the points, with authorities in support thereof, relied upon for reversal. It is only such points we are required to pass upon.

*APPELLATE practice: points in brief.*

The first point made against the bond is that there was a vacancy in the board when the renewal bond was issued and that while said vacancy existed no business could be transacted by the board under the provisions of section 7991, Revised Statutes 1889. That section reads as follows: "If a vacancy occur in the office of director, by death, resignation, refusal to serve, repeated neglect of duty or removal from the district, the remaining directors shall, before transacting any official business, appoint some suitable person to fill such vacancy; but should they be unable to agree, or should there be more than one vacancy at any one time, the

*SCHOOLS: vacancy in directory: renewal bonds.*

county commissioner shall, upon notice of such vacancy or vacancies being filed with him in writing, immediately fill the same by appointment, and notify said person or persons in writing of such appointment; and the person or persons appointed under the provisions of this section shall comply with the requirements of section 7989, and shall serve until the next annual school meeting."

In our opinion a failure on the part of the directors to fill the vacancy as they are required to do by this statute, does not invalidate any official action taken by the board. The command of the statute is addressed to the remaining members of the board and no intention seems to be disclosed to make void any act done while the vacancy exists. If such had been the intention of the lawmakers on a matter so important, they would undoubtedly have expressed the intention in direct terms. The directors should obey the statute before performing any other official act. It may be that they could, by proper proceedings, taken in time, be compelled to do so. But if the board engages in its duties while the vacancy exists, the business transacted, if otherwise regularly done, will not be void.

The second point made is that renewal school bonds are not valid unless the original issue is valid. We may readily concede the truth of this and yet it will not aid defendant, since, in our opinion, the original ——: authority of board to issue was valid. Its validity is questioned on issue bonds: vote: amount. two grounds: First, that the vote authorizing the issue was for $500, whereas the issue made by the board was for a less amount, viz.: $450. There is no merit in this point. The bond was for the purpose of raising money with which to build a school house. While the vote authorized the use of $500, it does not compel the use of that sum. The board could not have exceeded that sum as it would have been beyond the power granted, but a less sum was *within* the power. It would be a strange state of affairs if a school board was compelled to spend all

the money voted, though it was not needed. The statute (section 7981) granting authority to borrow the money on a vote of the district, says the board "shall be vested with the power to borrow money in the name of the district to the amount and for the purposes specified." The words "to the amount" mean any amount suitable for the purpose *not exceeding* the sum limited.

The second ground against the validity of the original issue is that the record does not show that the vote was by ballot. It is true the record does not show that, but it does show that an election was had and that the proposition to borrow the money was unanimously carried. We must assume the election was a legal one, not that it was the contrary.

Another objection is that there was an annual interest tax levied at the time of the issuance of the original bond in excess of the amount required for such interest. ——: validity of bonds: interest tax: increased amount. We do not see how this could affect the validity of the bond. Again, it is contended by third point, that the renewal bond could not be for more than the original bond and that since the original bond was for $450, and the renewal for $600, it must be held invalid. It however appears that there was accrued interest which made up the difference, and the order of the board for the renewal specified that the new bond should be for a sum sufficient to cover the sum of the indebtedness on the other. Our ruling is that a renewal bond may be made to include defaulted interest on the original bond.

Defendant's fourth point consists of the assertion that a total want of power, as distinguished from an irregular execution thereof, invalidates the bond even in the hands of an innocent purchaser. This has been disposed of in what we have already said. There was no lack of power in this case.

The last point made against the validity of the bond is that there was no provision made by the board for a tax to

pay the principal and interest as required by
section 7982, Revised Statutes 1889. The
statute directs the board to provide a sinking
fund for the payment of such bonds, but we do
not regard a failure on the part of the board to
obey the statute in this regard as making the bonds void.
The statute places an obligation on the board, which they
ought to obey and which, perhaps, they could be compelled
to obey, but it nowhere shows an intention to avoid the pay-
ment of the bonds in the hands of the holder, if not obeyed.
The judgment of the trial court was clearly for the right
party and it is affirmed.    All concur.